UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
  **JULIANA LUI**,

                         Plaintiff,

                – against –

**UNITED STATES OF AMERICA; JAKE SULLIVAN; TIMOTHY D. HOUGH; AVRIL HAINES; WILLIAM BURNS; CHRISTOPHER WRAY; NYU LANGONE HOSPITAL COBBLE HILL; BROOKLYN EMERGENCY DEPARTMENTS; DOES No. 1-100, Unknown Employees, Agents and Representatives of NSA, ODNI, CIA, FBI and DOJ,**

-------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

25-CV-3512 (AMD) (LKE)

**ANN M. DONNELLY,** United States District Judge:

On June 18, 2025, the *pro se* plaintiff brought this action against the United States and several former federal government officials. (ECF No. 1.) On July 10, 2025, the plaintiff amended her complaint, adding NYU Langone Hospital Cobble Hill and Brooklyn Emergency Departments as additional defendants. (ECF No. 5.) The plaintiff brings claims pursuant to 42 U.S.C. § 1983 alleging violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. (*Id.*) The plaintiff also alleges violations of 28 U.S.C. § 1346, 18 U.S.C. § 242, the Federal Tort Claims Act, falsification of records under 18 U.S.C. § 1519, false statements under 18 U.S.C. § 1035, forgery under 18 U.S.C. § 471, obstruction of justice under 18 U.S.C. §§ 1501–1521, and interference with prospective business relations. (*Id.*) The plaintiff also brings "substantial and related claims for New York law claims under the state and common laws of State of New York." (*Id.*) For the following reasons, the plaintiff's request to proceed *in forma pauperis* (ECF No. 3) is granted for purposes of this order, and her complaint is dismissed.

**LEGAL STANDARD**

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

Because the plaintiff is proceeding *pro se,* the Court evaluates her complaint by less stringent standards than pleadings drafted by attorneys and interprets it to raise the strongest arguments it suggests.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).  However, a court must dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

2

## DISCUSSION

The plaintiff alleges that the government conspired with private entities to subject her to "stalking, surveillance, electronic/ telecom hacking, intrusion, and sound wave of Electromagnetic Radiation (EMR) attacks." (ECF No. 5 ¶ 27.) She claims to be "a selective target of a witch hunt trauma across. . . North America, Asia Pacific and Europe" and "a target of national security overreach amid U.S.-China tension." (*Id.*; *see also id.* ¶ 95.)[1] She was "subjected to daily EMR assaults in hotel rooms and Airbnbs," "in libraries, on common carriers," and to "satellite attacks on streets" and "in grocery stores." (*Id.* ¶ 27.) In addition, she was the victim of "proprietary infringement," "misappropriation of trade secrets," and "fraudulent misrepresentations" abroad. (*Id.*) She also asserts that employees of hotels, retailers, internet network providers, police departments, hospital emergency departments, and airlines assisted the defendants in surveilling and targeting her. (*Id.* ¶¶ 27, 32, 156.) According to the plaintiff, she was subjected to these attacks in retaliation for exercising her First Amendment right to free speech: specifically, for faxing "a 41-page constructive criticism / feedback, attention to the Biden Administration as well as selective senators and congressional members." (*Id.* ¶ 65; *see also id.* ¶¶ 27, 30, 95.) She alleges that she suffered "substantial physical restraint of [her] liberty" and "severe intrusion of her privacy and safety." (*Id.* ¶ 54.) She also alleges that she was denied proper medical attention and care, because the defendant hospitals interfered with her medical and hospital emergency visits and "compromise[ed] her test results and medical records." (*Id.* ¶ 93.) The plaintiff says that she is being "singled out . . . because she's an ethnic Chinese advocate." (*Id.* ¶ 98.)

---

[1] The plaintiff also alleges that the defendants are responsible for the actions of private individuals and entities because the government "has 'exercised coercive power' over the challenged action or 'has provided such significant encouragement or demand', either overt or covert, that the choice must in law be deemed that of the state." (ECF No. 1 ¶ 26.)

3

These allegations — even under the liberal reading due to *pro se* pleadings — are irrational, and thus do not state a cognizable claim for relief. *Denton*, 504 U.S. at 33; *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless — that is, if they are fanciful, fantastic, or delusional." (citation omitted)); *Brown v. City of New York*, No. 24-CV-8246, 2025 WL 606155, at *2 (E.D.N.Y. Feb. 25, 2025) (dismissing complaint where plaintiff alleged "that agents of the municipal government 'gang stalked, 'accosted,' 'harassed' and drugged her, and that 'brainwave reading technologies' were used to thwart her effort to seek help"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where the "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

## CONCLUSION

Accordingly, the plaintiff's complaint, filed *in forma pauperis*, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In an abundance of caution and in light of the plaintiff's *pro se* status, the Court grants her leave to amend the complaint. The plaintiff has thirty days to file an amended complaint, which must be captioned "Second Amended Complaint" and bear the same docket number as this order: 25-CV-3512 (AMD) (LKE). The second amended complaint completely replaces the amended complaint. That is, the second amended complaint must stand on its own without reference to the amended or original complaints. All further proceedings will be stayed for thirty days. If the plaintiff does not file a second amended complaint within the time allowed or show good cause for an extension to file the second amended complaint, the Court will direct the Clerk of Court to enter judgment and close this case. The plaintiff may contact the City

4

Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the plaintiff and to note the mailing on the docket.

**SO ORDERED.**

s/Ann M. Donnelly<br>
ANN M. DONNELLY<br>
United States District Judge

Dated: Brooklyn, New York
      July 11, 2025